976 F.2d 740
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Norman L. BROWN, Plaintiff-Appellant,
v.
Steven J. DAVIES; Brad Brush; Nadine L. Sharp; R.W.
Harris; Ross Peterson, and James M. Andrews,
Defendants-Appellees.
 No. 92-3142.
 United States Court of Appeals, Tenth Circuit.
 Sept. 16, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(e); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is a pro se appeal from an order granting summary judgment to all defendants on various grounds. We have examined the briefs and the record and determine the judgment of the trial court should be affirmed.
 
 
 3
 In his brief, Mr. Brown asserts the trial court erred in granting summary judgment without discovery and by deciding factual disputes in defendants' favor. Neither argument has merit.
 
 
 4
 Although appearing here pro se, plaintiff was represented by counsel in the district court who filed a lengthy response to the defendants' motions for summary judgment. Nowhere in that response is there an indication that discovery was essential to summary judgment. Moreover, no affidavit was filed pursuant to Fed.R.Civ.P. 56(f) seeking a delay of the disposition of the motions so that discovery could be obtained.
 
 
 5
 There is simply no rule requiring discovery before disposition of a motion for summary judgment. Indeed, when the dispositive facts are uncontroverted, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986). In the absence of a Rule 56(f) affidavit or some other indication in the record that discovery was necessary, a trial court is not inhibited from granting a motion for summary judgment even though discovery is incomplete.
 
 
 6
 Although Mr. Brown baldly asserts the trial court resolved disputed issues in defendants' favor, he has failed to set forth any such facts. Following the local procedure, counsel for both sides separately stated and numbered "undisputed facts" as part of their Rule 56 filings. In this fashion, 83 separate factual issues were identified by both sides. In addition, Plaintiff's counsel separately admitted all but three of defendants' separately identified facts. Two of the denials were argumentative and the third was stated as an inability to admit or deny.
 
 
 7
 Our review of the record fails to disclose the trial court relied upon any fact in dispute for resolution of the summary judgment issues. While the court, in part, refused to accept some of the facts asserted by plaintiff's counsel, it did so because the facts were not supported by affidavit as required by Rule 56(e). Given this state of the record, we can find no foundation for Plaintiff's contention that the trial court erroneously decided factual issues in defendants' favor.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3